## Pendleton v. Letcher County Fiscal Court, et al.

(Decided May 5, 1922.)

### Appeal from Letcher Circuit Court.

1. Counties—Construction of Roads and Bridges—Elections.—A petition for an election to be held under section 4307 of Kentucky Statutes on a proposal to issue bonds of the county to build,

construct and reconstruct public roads and bridges is a sufficient compliance with the statute where it shows on its face that the signers are landowners, legal voters and taxpayers of the county.

2. Counties—Construction of Roads and Bridges—Bonds—Elections.—The failure to designate in the petition a day for the holding of an election under section 4307 of Kentucky Statutes, to determine whether the bonds of the county will be issued for the purpose of building, constructing and reconstructing public roads and bridges, does not render the call of the election invalid if the county judge fixed a day not later than sixty days after the petition was filed.

3. Counties—Petition—Elections.—It is not necessary to the validity of an election held under section 4307 of Kentucky Statutes that the petition requesting it designate the amount of bonded indebtedness to be incurred.

A. J. KIRK and ROBERT BLAIR for appellant.

O'REAR & FOWLER and LEWIS E. HARVIE for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

This appeal involves the validity of a proposed bond issue of $300,000.00 by Letcher county, the proceeds of which are to be used in constructing and reconstructing the public roads and bridges in that county. The validity of the issue is attacked on several grounds, all of which relate to section 4307 of Kentucky Statutes, it being contended by appellant that the proceedings with reference to the election at which the issue was authorized do not comply with that section of the statutes.

In July, 1920, more than one hundred fifty legal voters, who were freeholders of Letcher county, filed their petition in the county court requesting the judge of that court to make proper orders for an election to be called in Letcher county to vote on the proposal to issue the bonds of the county, for the purpose of constructing and reconstructing the public roads and bridges. Thereafter, at a regular term of the Letcher county court, the county judge made an order on his order book directing an election to be held in the county on November 2, 1920, more than sixty days after the application was filed, and directing the sheriff of the county to advertise the election for at least thirty days next before the day fixed. The election was held on the day designated and resulted in 2,547 voters casting their ballots in favor of the issue of the bonds and 407 voters casting their ballots against

it. The returns were certified to the fiscal court and that court proceeded to issue bonds in the sum of $300,000.00 according to the terms and conditions submitted to and approved by the voters of the county.

The first contention of appellant is that the calling of the election by the county judge was invalid, because the petition requesting it does not show that the signers were freeholders as required by section 4307 of the statutes. It is true that the petition on its face, to which 400 names were signed, does not state that the signers are freeholders, but the equivalent is included in the statement that they are citizens, landowners, legal voters and taxpayers of Letcher county. This designation of the petitioners is manifestly a compliance with the statute since they are shown not only to be freeholders but also legal voters and taxpayers of the county.

It is also said that the election was illegal, because no date for holding it was set in the petition and the date on which it was held was fixed by the county judge without authority to do so. It is true that the statute provides that the county judge after receiving the petition shall at a regular term of court make an order on his order book directing an election to be held "on some day named in said petition not earlier than sixty days after said application is lodged with the judge of said court, etc." But the failure to designate a date in the petition does not invalidate the call of the election. That question was before this court in Denton v. Pulaski County, 170 Ky. 36, and it was there held that the mere fact that no day was named in the petition would not render an election invalid, if the county judge fixed a day for the election not later than sixty days after the application was lodged.

The third and final contention of appellant is that the petition should have stated the amount of indebtedness to be incurred, and that it was not within the power of the county judge to determine that question. The authority and procedure for issuing the bonds of a county to build, construct and reconstruct public roads and bridges, exists by reason of section 4307 of the statutes. The procedure outlined in that section must be followed but there is nothing in the statutes that requires that the petition state the amount of bonded indebtedness to be incurred. It follows that the petition was not defective and it was proper for the county judge to determine the amount of indebtedness to be voted upon at the election.

The record shows that every requirement of the statutes was followed in the calling and holding of the election, that the proceedings of the fiscal court relative to the issue and sale of the bonds are regular, and that the indebtedness to be incurred with that previously existing is well within the constitutional authority of the county. In view of these facts we can see no legal obstacle to the issuing of the bonds.

The judgment of the lower court, denying the injunction and dismissing the petition, is affirmed.